```
                                    F I L E D
                              CLERK, U.S. DISTRICT COURT

                                    10/30/2024

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: _____ASI_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR   2:24-cr-00645-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| GREVON BROOKS, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about July 17, 2024, in Los Angeles County, within the Central District of California, defendant GREVON BROOKS knowingly and intentionally possessed with intent to distribute at least 50 grams,

1  that is, approximately 117 grams, of methamphetamine, a Schedule II
2  controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 17, 2024, in Los Angeles County, within the Central District of California, defendant GREVON BROOKS knowingly carried a firearm, namely, a Glock, Model 17, 9mm caliber semi-automatic pistol, bearing serial number BNBB091, during and in relation to, and possessed such firearm in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about July 17, 2024, in Los Angeles County, within the Central District of California, defendant GREVON BROOKS knowingly possessed a firearm, namely, a Glock, Model 17, 9mm caliber semi-automatic pistol, bearing serial number BNBB091, and ammunition, namely, five rounds of Sellier & Bellot 9mm caliber ammunition and eleven rounds of Federal Cartridge 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant BROOKS possessed such firearm and ammunition knowing that he had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Cannabis for Sale, in violation of California Health and Safety Code Section 11359, in the Superior Court for the State of California, County of Los Angeles, Case Number TA071720, on or about September 22, 2003;

2. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number TA082758, on or about June 19, 2006;

3. First Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number TA082758, on or about June 19, 2006; and

4. Assault with a Firearm, in violation of California Penal Code Section 245(a)(2), in the Superior Court for the State of California, County of Los Angeles, Case Number TA144080, on or about May 24, 2021.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JASON A. GORN
Assistant United States Attorney
General Crimes Section